[No. 25659. Department Two. September 19, 1935.]

E. E. EMMERICH, *Appellant*, v. C. A. GRAY, *Respondent*.[1]

*Danson, Lowe & Danson,* for appellant.
*Edge & Wilson,* for respondent.

MITCHELL, J.—This is a personal injury action brought by E. E. Emmerich to recover from C. A. Gray damages alleged to have been caused by the negligence of the defendant in the operation of defendant's automobile. By his answer, the defendant specifically denied that he was guilty of any negligence, and denied each and every other allegation in the complaint, and, as an affirmative defense, alleged that the plaintiff was guilty of contributory negligence. The reply consisted of a denial of the charge of contributory negligence.

The trial resulted in a verdict for the defendant. The plaintiff has appealed from the judgment on the verdict.

[1]Reported in 49 P. (2d) 31.

There is no substantial controversy over the facts. Emmerich and Gray were jointly engaged in soliciting applications for life insurance. They traveled in an automobile belonging to and driven by Gray, expenses and earnings being divided between them.

On June 10th, about four o'clock in the afternoon, they were going to the home of a farmer named Satterwhite to sell him insurance. On leaving the highway, they traveled east along a lane, at a slow rate of speed, towards the farmer's residence. They occupied the same seat in the automobile. Near the residence, the course of the lane turned abruptly to the left or north. There was a three-wire gate across the lane at the turn in the road. The wires were dark-colored, the top one being smooth and the other two barbed wires. The farmer testified:

"The wires are fastened to a small post which is hooked onto the larger post when the gate is up. There was no wooden slat or cross piece separating the wires in the middle."

Just beyond the wire gate, as they approached it, there were dense shrubbery and trees. Of this view, a commercial photographer testified, without dispute:

"I found that, owing to the trees and shrubbery on the other side of the gate, it was difficult to make the gate stand out; in fact, it was rather difficult to see it."

Photographs in evidence corroborate the statement.

Respondent testified he was watching the road. Neither of the parties saw the wire gate until the automobile ran into it. One of the wires of the gate pulled off the radiator cap and threw it into the windshield and broke it. "The radiator cap hit Mr. Emmerich on the nose and threw glass into his eye." It is these injuries for which damages are sought.

The only assignment of error is directed against an

instruction, consisting of several parts, given to the jury. The first paragraph of it reads:

"You are instructed that it is the law of this state that where the concurring and combined negligence of two or more persons results in an injury to a third person, the third person may recover from either or all of them. If, therefore, you find from the evidence that the proximate cause of the injury to plaintiff was made up of two elements, that is, the negligence of Satterwhite, if any, in the construction and maintenance of his gate in the lane or road in question, and also the negligence of the defendant, and that the plaintiff himself was not guilty of contributory negligence, then the defendant is liable for the injuries to plaintiff exactly as if he were solely responsible for the proximate cause of such injuries."

One contention on behalf of the appellant is that it tells the jury, in substance, to consider the negligence of Satterwhite, "but fails to tell them what to do about it;" and considerable argument is made on behalf of the appellant that appellant and respondent were only mere licensees of Satterwhite, and in discussing the law with respect to his duties to them.

If Emmerich or Gray, or both, were suing Satterwhite, that inquiry would be pertinent, but it is immaterial here. Undisputed testimony had been given to the jury, without objection, that the gate, as it was maintained, as to kind and place, was almost invisible, approached as it was in this instance. That of itself, however, would not prevent recovery against the defendant if he was liable. The clear effect of this instruction was to allow argument on behalf of the plaintiff and discussion among the jurors in their deliberations that it would make no difference if the farmer was at fault; that the defendant would, nevertheless, be liable if he contributed proximately to the injuries and plaintiff was not guilty of contributory negligence. It would seem that the instruction, instead of being

harmful or prejudicial, was helpful to the appellant, for otherwise, under a general denial of negligence, the defendant could have reasonably argued, upon the evidence in the case, that the plaintiff had sued the wrong person; that the fault lay with the farmer and not with the plaintiff.

Another contention is that, while the instruction upon the subject of the concurring negligence of two or more persons is correct as an abstract principle of law, it was out of place here, and was confusing and prejudicial. What has already been said herein upon this subject, we think, answers this contention, especially when all other instructions in the case are considered with this one.

Lastly, complaint is made of the use of the words italicized in the second paragraph or portion of the instruction, as follows:

*"In this connection I instruct you that you are not permitted to guess or speculate as between the negligence of Satterwhite, if any, and the negligence of the defendant, if any,* because, as I have heretofore instructed you, before the defendant can be held liable in damages, you must find from a preponderance of the evidence that the defendant was negligent and that his negligence was one of the proximate causes of the collision and resulting injury."

Abstractly, the language is correct, and, under the circumstances of the case, as already shown, the charge in this respect was appropriate and without error.

Judgment affirmed.

MILLARD, C. J., STEINERT, HOLCOMB, and BLAKE, JJ., concur.